Judgment rendered December 3, 2025
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,543-CA
No. 56,544-CA
No. 56,545-CA
No. 56,546-CA
No. 56,547-CA
No. 56,548-CA
(Consolidated cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

No. 56,546-CA

TYSHEQUA BOYKINS ON BEHALF                    Plaintiff-Appellee
OF KYLIN BOYKINS

versus

STEVE HOLLOWAY                                Defendant-Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 85,756

Honorable Nicholas E. Gasper, Judge

* * * * *

SMITHERMAN, HILL & BRICE, L.C.              Counsel for Appellant
By: F. Weber Hill

TYSHEQUA BOYKINS                             In Proper Person

* * * * *

Before PITMAN, STEPHENS, and MARCOTTE, JJ.

STEPHENS, J., concurs in the result.

**MARCOTTE, J.**

These consolidated civil appeals arise out the 42nd Judicial District Court, Parish of DeSoto, the Honorable Amy Burford McCartney and the Honorable Nicholas E. Gaspar presiding. Defendant Steve Holloway ("Holloway, Sr.") appeals the trial court's granting of three protective orders against him. Defendant Stevie Holloway ("Stevie") also appeals the trial court's granting of three protective orders against him. For the following reasons, we affirm in part, reverse in part, and remand with instructions. A separate opinion is issued for each protective order. This memorandum opinion is issued in compliance with U.R.C.A. 2-16.1(B).

### FACTS AND PROCEDURAL HISTORY

On January 3, 2025, Tyshequa Boykins ("Tyshequa") filed on behalf of her son, Kylin Boykins ("Boykins") (DOB: 6-13-08), two petitions for protective orders against Holloway, Sr. and Stevie (together "the Holloways"). She alleged that on January 1, 2025, while at Blink's Quick Stop Store/Whataburger in Joaquin, Texas, Holloway, Sr. instructed Stevie to attack Boykins believing him to be his brother, Ju'Kadynn Carter. Tyshequa stated that Holloway, Sr. continued to chase Boykins with a gun to his vehicle and towards his residence. She said that the incident resulted in Boykins having to go to the hospital with a bruised eye and cut on his foot. She said Stevie used a bat to charge at Boykins. She also alleged verbal abuse by making racial comments.

On January 16, 2025, Tyshequa filed two new petitions for protection from stalking in favor of Boykins against the Holloways alleging the same

facts. For a recitation of the facts and procedural history, see *Ju'Kadynn Carter v. Steve Holloway*, 56,543 (La. App. 2 Cir. 12/3/25).

On January 24, 2025, Judge Gasper granted a protective order in favor of Boykins against Holloway, Sr. He now appeals.

## DISCUSSION

Holloway, Sr. assigns the following errors:

(1) The trial court erred in failing to apply the correct definition of stalking in accordance with La. R.S. 14:40.2.

(2) The trial court erred in finding that Holloway, Sr. represented a credible threat to the physical safety of a family member, household member, or dating partner.

(3) The trial court erred in prohibiting the possession of a firearm for the duration of the protective order by Holloway, Sr. pursuant to La. R.S. 46:2136.3.

(4) The trial court erred in granting the protective order for a duration of two years.

For the reasons expressed in *Ju'Kadynn Carter v. Steve Holloway*, *supra*, Holloway, Sr.'s first assignment of error is without merit. The trial court was correct in issuing a protective order in favor of Boykins against him. That part of the trial court's ruling is affirmed. For the reasons articulated in *Ju'Kadynn Carter v. Steve Holloway*, *supra*, appellant's remaining assignments of error have merit. Holloway, Sr. is not a family member, household member, or dating partner of Boykins'. Therefore, the trial court should not have prohibited him from possessing a firearm. That part of the trial court's ruling is reversed. The court also erred in granting the protective order for two years. We remand the case to the trial court to reduce the fixed time for the protective order to the maximum allowable period in accordance with La. R.S. 46:2136(F).

2

**CONCLUSION**

For the reasons stated herein, the trial court's granting of a protective order against Steve Holloway in favor of Kylin Boykins is affirmed in part, reversed in part, and remanded in accordance with this opinion.  The costs of the appeal are assessed to appellant.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.**